UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY DOYLE YOUNG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 21-10226-LTS |

ORDER

March 25, 2021

SOROKIN, D.J.

*Pro se* litigant Timothy Doyle Young, who is currently confined at USP Florence ADMAX in Colorado, has filed a civil complaint against the United States Department of Justice and the United States Attorney General. For the reasons stated below, the Court will dismiss this action with prejudice.

According to Young, the defendants (1) are conspiring to deprive him of his human rights; (2) have committed crimes to prevent due process; (3) are blocking his access to the courts so that he may seek relief for constitutional violations; and (4) are deliberately placing his life in danger to conceal corruption within the Federal Bureau of prisoners. Young also claims that, over the past fifteen years, the Department of Justice has violated its own policy by withholding mandatory testing for Hepatitis-C. Compl. §§ 1-5. The "Supporting Facts" for these five claims run the gamut—including the United States Attorney General's failure to consider Young's "Ethics" in Government Act" and Congress's failure to acknowledge Young's petitions for impeachment. Compl. §§ 25, 26.

Numerous federal courts, including the Supreme Court of the United States, have found that Young is an abusive litigant. *See Young v. Madison, Counselor*, 568 U.S. 1007 (2012) (Mem.) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee . . . is paid . . . ."); *Young v. United States*, 2019 WL 4194561, at *1 (S.D. Ca. Sept. 4, 2019) (stating that Young "is no longer entitled to IFP status due to his abusive litigation history in federal district courts across the county" and citing cases). Almost seven years ago, the Federal District Court for the District of Colorado--the judicial district in which Young is confined--found Young to be an abusive litigant and ordered that he cannot file a civil action without first receiving judicial permission to do so. *See Young v. United States*, C.A. No. 14-00073-LTB, ECF No. 24 (D. Colo. Apr. 22, 2014). Not surprisingly, for more than a decade Young has been subject to the "three strikes" sanction of 28 U.S.C. § 1915(g) for filing three or more complaints that were dismissed as malicious, frivolous, or for failure to state a claim upon which relief could be granted. *See, e.g.*, *In re Young*, 382 F. App'x 148, 149 (3d Cir. 2010) (noting that Young "is a 'three-striker' under the prison Litigation Reform Act").

This case presents no exception to Young's litigation history. Young commenced this action without paying the filing fee or seeking leave to proceed without prepayment of the fee. As a general rule, the Court would not dismiss a prisoner's complaint for failure to pay the filing fee without first giving the prisoner time to pay the fee or seek leave to proceed *in forma pauperis*. In this case, however, Young's failure to address the filing fee at the commencement of the action (whether paying the fee or seeking leave to proceed *in forma pauperis* under the "imminent danger of serious physical injury" provision of the three strikes rule, 28 U.S.C. § 1915(g)) is not excused. Further, his complaint does not set forth a plausible claim that he is in imminent danger of serious physical injury with regard to the defendants' alleged misconduct.

Moreover, the Court cannot exercise jurisdiction over his claims. The United States (including its various branches, departments, agencies, and officers sued in their official capacities) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *McCloskey v. Mueller*, 446 F. 3d 262, 271-72 (1st Cir. 2006). Thus, the doctrine of sovereign immunity bars this action against the Department of Justice and the United States Attorney General in his official capacity unless the United States has expressly consented to be sued.[1] No such waiver exists here. Young was informed of this jurisdictional bar in a prior action he brought in this Court. *See Young v. Sessions*, C.A. No. 18-11633-NMG, 2018 WL 5778254, at *2 (D. Mass. Oct. 25, 2018).

Accordingly, this action is DISMISSED with prejudice. The Court certifies that any appeal of this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

      /s/ Leo T. Sorokin
      UNITED STATES DISTRICT JUDGE

---

[1] To the extent Young is bringing *Bivens* claims against the current or a past Attorney General in their individual capacity, Young has not alleged facts from which the Court can reasonably infer that an Attorney General was directly involved in any violation of Young's constitutional rights. *See, e.g.*, *Ruiz Rivera v. Riley*, 209 F.3 24, 28 (1st Cir. 2000) (stating that "respondeat superior is not a viable theory of *Bivens* liability").